AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York  ▼

| | | |
|---|---|---|
| Amar McKenzie | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No.  12 CV 8711 (PGG) |
| v. | ) | |
| The City of New York, et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The City of New York
c/o The New York City Law Department
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:   APR 1 1 2013                     _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▢▾

| | | |
|---|---|---|
| Amar McKenzie | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  12 CV 8711 (PGG) |
| The City of New York, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Officer Paul Kearon (Tax 948363)
42nd Precicnt
830 Washington Avenue
Bronx, New York 10451

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   The Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date:   APR 1 1 2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

| | |
|---|---|
| Amar McKenzie | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| The City of New York, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  12 CV 8711 (PGG)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Officer Brandon Ravelo (Tax 948409)
47th Precicnt
4111 Laconia Avenue
Bronx, New York 10466

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   The Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:   APR 1 1 2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York   ▼

| | |
|---|---|
| Amar McKenzie | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| The City of New York, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  12 CV 8711 (PGG)

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Officer Carlos Perez (Tax 948262)
47th Precicnt
4111 Laconia Avenue
Bronx, New York 10466

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   The Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

APR 1 1 2013

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AMAR MCKENZIE,

<table>
<tr><td>Plaintiff,</td><td><strong>FIRST AMENDED<br>COMPLAINT</strong></td></tr>
</table>

                     -against-

THE CITY OF NEW YORK,                          12 CV 8711 (PGG)
POLICE OFFICER PAUL KEARON (TAX 948363),
POLICE OFFICER BRANDON RAVELO (TAX 948409),    JURY TRIAL DEMANDED
POLICE OFFICER CARLOS PEREZ (TAX 948262),

                            Defendants.
-------------------------------------------------------------------------X

        Plaintiff, AMAR MCKENZIE, by and through his attorneys, **LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, AMAR MCKENZIE, seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the

United States Constitution, and of rights secured under the laws and Constitution of the State

of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs, interest and attorney's fees, and such other and further

relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and

42, this being an action seeking redress for the violation of plaintiff's constitutional and civil

rights.

1

3.        Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.        The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.        Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.        Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.        That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing on October 11, 2012, this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8.        Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES,

9.        At all times herein mention, plaintiff AMAR MCKENZIE was and still is a resident

2

of the County of the Bronx, City and State of New York.

10.     On MARCH 13, 2012, defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under the laws of the State of New York.

11.     On MARCH 13, 2012, defendant THE NEW YORK CITY POLICE DEPARTMENT was and still is a municipal corporation, duly organized and existing under the laws of the State of New York.

12.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK, owned, operated, maintained and controlled the defendant THE NEW YORK CITY POLICE DEPARTMENT and employed the police officers and supervisory officers therein.

13.     At all times relevant to the action herein, defendant THE CITY OF NEW YORK hired, screened, trained, instructed, managed and supervised its police officers.

14.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT,  its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

15.     At all times hereinafter mentioned relevant to the action herein, defendant THE NEW YORK CITY POLICE DEPARTMENT was and still is a department of defendant THE CITY OF NEW YORK.

16.     On MARCH 13, 2012, the defendant THE CITY OF NEW YORK by virtue of, under and pursuant to the Laws of the State of New York and the Charter, and Administrative code of the City of New York, created and operated a Police Department for the public benefit and protection of its citizens.

17.     On MARCH 13, 2012, defendant POLICE OFFICER PAUL KEARON (TAX

3

948363), (hereinafter, "defendant Kearon") was and still is employed by the defendant THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and was assigned to a local area precinct believed to be the 47th Precinct.  Upon information and belief, defendant Kearon is currently assigned to the 42nd Precinct of the NYPD.

18.      On MARCH 13, 2012, defendant Kearon was acting under color of State Law and within the scope of his employment.

19.      On MARCH 13, 2012, defendant POLICE OFFICER BRANDON RAVELO (TAX 948409), (hereinafter, "defendant Ravelo") was and still is employed by the defendant THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and was and still is assigned to a local area precinct believed to be the 47th Precinct.

20.      On MARCH 13, 2012, defendant Ravelo was acting under color of State Law and within the scope of his employment.

21.      On MARCH 13, 2012, defendant POLICE OFFICER CARLOS PEREZ (TAX 948262), (hereinafter, "defendant Perez") was and still is employed by the defendant THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and was and still is assigned to a local area precinct believed to be the 47th Precinct.

22.      On MARCH 13, 2012, defendant Perez was acting under color of State Law and within the scope of his employment.

23.      On MARCH 13, 2012, and at all times relevant to the action herein, defendant THE NEW YORK CITY POLICE DEPARTMENT employed Police Officers and/or detectives that were on duty and were working within the scope and course of their employment as a New York City Police Officers for defendant THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

4

24.      On MARCH 13, 2012, and at all times relevant to the action herein, the defendant police officers, and/or detectives were on duty and were acting under color of State Law and within the scope of their employment for the defendant THE NEW YORK CITY POLICE DEPARTMENT.

## RELEVANT FACTS

25.      On March 13, 2012 at approximately 6:00 pm (the "date of the arrest"), plaintiff Amar McKenzie was lawfully exiting a store located on Baychester Avenue at or near its intersection with Hoxie Street, County of Bronx, City and State of New York (the "location of the arrest").

26.      Plaintiff's vehicle was lawfully parked in front of the premises.

27.      Plaintiff exited the store and, although there was no legal basis for doing so, defendants Kearon, Ravelo, and Perez approached plaintiff and asked him for his identification.

28.      Plaintiff informed the defendants that his driver's license was in his car, which was lawfully parked at the location.

29.      The defendants instructed plaintiff to retrieve the license from his vehicle.

30.      Plaintiff complied with defendants' directives and retrieved his license.

31.      Without any warning or reasonable basis for doing so, the defendants then assaulted plaintiff.

32.      Specifically, one of the individual defendants, believed to be defendant Kearon, twisted plaintiff's arm behind his back and pushed him against his car.

33.      Another defendant who was present at the scene, believed to be either defendant Perez or Ravelo, then struck plaintiff in the face without any reasonable basis for doing so.

5

34. All of the individual defendants then continued to assault plaintiff by striking him on his body with their arms, fist, hands, and knees.

35. At no point during the encounter did plaintiff resist the defendants, and he complied with their directives at all times.

36. At no point was the plaintiff informed by any of the defendants why he was being assaulted or detained.

37. Without any legal basis for doing so, the defendants then searched the plaintiff. The search yielded no evidence of any drugs, guns, or contraband.

38. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the Defendants formally arrested plaintiff.

39. Plaintiff was then transferred to a local area precinct believed to be the 47th Precinct where he was held for several hours, and where he continued thereafter to be humiliated and imprisoned under the custody and control of the defendants.

40. Plaintiff was then transferred to a local area hospital believed to be Jacobi Hospital where he received treatment for the injuries he sustained at the hands of the defendants.

41. Plaintiff was then transferred back to the 47th Precinct where he was held for several more hours before being transferred to Bronx County Central Booking where he was held for several more hours.

42. Plaintiff was then arraigned and acceded to an adjournment in contemplation of dismissal.

43. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

44. That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining

6

plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

45.      That plaintiff was conscious of the false arrest and confinement.

46.      It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

47.      At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

48.      At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

49.      At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiff

50.      The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

51.      That at all relevant time mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY "POLICE OFFICERS"

52.      Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the

foregoing paragraphs with the same force and effect as though fully stated herein.

53.      By their conduct and actions in arresting, imprisoning, failing to intercede on behalf

of AMAR MCKENZIE and in failing to protect him from the unjustified and

unconstitutional treatment he received at the hands of other defendants, the individual

defendants individually and collectively, acting with animus, and under color of law and

without lawful justification, intentionally, maliciously, and with deliberate indifference to or

a reckless disregard for the natural and probable consequences of their acts, caused plaintiff

to be unlawfully subjected to excessive and unreasonable force and false arrest, and caused

injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42

U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth

Amendments.

54.      As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical and psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
## THE CITY OF NEW YORK

55.      Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

8

with the same force and effect as though fully stated herein.

56.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

57.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through individual defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights.

59.     Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.  Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences.  There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK.  Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.

60.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

61.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

62.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

63.     All of the acts or omissions by the individual defendants described above were carried our pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

10

procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

64.    The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.  Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.  Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d.  Retaliating against officers who report police misconduct; and

    e.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

65.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.  *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b.  *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.  *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

    d.  *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.  *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.  *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.  *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.  *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

11

i.   *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.   *Avent v. City of New York,*  04-CV-2451 (CBA) (CLP) (E.D.N.Y.);

k.   *Smith v. City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.   *Powers v. City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.   *Dotson v. City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.   *Nonnemann v. City of New York,* 02-CV-0131 (JSR) (AJP) (S.D.N.Y.);

o.   *Richardson v. City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.   *Barry v. New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.   *Walton v. Safir,* 99-CV4430 (AKH) (S.D.N.Y.);

r.   *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.   *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.).

66.      In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008

(E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

67.      It is therefore, axiomatic that the municipal defendant has not only tolerated,

but actively fostered a lawless atmosphere within the NYPD and that the City of New

York was deliberately indifferent to the risk the inadequate level of supervision

would lead to the violation of individuals' constitutional rights in general, and caused

the violation of plaintiff's rights in particular.

68.    As a direct result of defendant's actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

69.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE, FALSE ARREST, FALSE IMPRISONMENT PURSUANT TO STATE LAW

70.    Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71.    That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

72.    On March 13, 2012 at the aforementioned location, Plaintiff, AMAR MCKENZIE was detained and held under the imprisonment and control of the defendants under false pretenses.

73.    That on or about March 13, 2012, due to the negligence of the defendants, their

13

servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, AMAR MCKENZIE, without warrant, authority of law or probable cause therefore.

74.     That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff AMAR MCKENZIE against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

75.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

76.     That Plaintiff AMAR MCKENZIE was conscious of the confinement.

77.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff AMAR MCKENZIE was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

78.     By the individual and collective actions described above, the individual defendants

14

and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

79.      As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and  psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

80.      Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81.      Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

82.      That by reason of the battery, the plaintiff was harmed physically while unlawfully detained, and that the plaintiff was otherwise harmed as a result of the defendants' actions.

83.      As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and

15

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS UNDER
## NEW YORK STATE LAW
## <u>VIA ASSAULT</u>

84.     Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

85.     That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff' rights under New York Law.

86.     That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

87.     That by reason of the aforesaid committed by the defendants, plaintiff suffered and continue to suffer physical injury and that he was otherwise damaged.

88.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

16

## AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

89.     Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

90.     Defendants negligently caused injuries, emotional distress and damage to the plaintiff AMAR MCKENZIE.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION,
### SUPERVISION AND TRAINING

92.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

93.     Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and

17

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

95.     Plaintiff AMAR MCKENZIE repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

96.     Defendants negligently caused emotional distress and damage to the plaintiff AMAR MCKENZIE.  The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical and psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

98.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

18

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorneys' fees;

e.  Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
        April 10, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:  JESSICA MASSIMI (JM-2920)
     80 Maiden Lane, 12th Floor
     New York, New York 10038
     (212) 962-1020
     File No.: 18514

19